UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL MAZUR,

        Plaintiff,

v.                                   20-CV-624 (JLS) (JJM)

NEW YORK STATE DEPARTMENT
OF CORRECTIONS, SANDRA
DURFEE, and THOMAS STICHT,

        Defendants.

_____

## DECISION AND ORDER

        Plaintiff Dr. Daniel Mazur commenced this action against the New York State Department of Corrections ("DOCCS"), Sandra Durfee, and Thomas Stricht on May 26, 2020, raising claims of discrimination under the Americans with Disabilities Act of 1990 ("ADA"), retaliation under the ADA and Title VII of the Civil Rights Law of 1994 ("Title VII"), and deprivation of due process in violation of the Fourteenth Amendment under 42 U.S.C. § 1983. Dkt. 1. On July 27, 2020, this Court referred the case to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9. Presently before the Court is Judge McCarthy's Report and Recommendation ("R&R") addressing Defendants' motion to dismiss the complaint in part. Dkt. 13.

        For the reasons discussed below, the Court accepts Judge McCarthy's recommendations and grants the motion to dismiss in part.

## BACKGROUND

The Court assumes the parties' familiarity with the details of this case, outlined in Judge McCarthy's R&R, and will provide only a brief summary of the relevant background.

Mazur was an employee of DOCCS for nearly three decades—ostensibly as a dentist. Dkt. 1, at 2 ¶ 10, at 3 ¶ 21, at 6 ¶ 43. He filed a charge of discrimination with the Equal Employment Opportunity Commission on April 29, 2019. *Id.* at 2 ¶ 8. He subsequently received a "Right to Sue" letter demonstrating he had exhausted his administrative remedies under Title VII. *Id.* at 2 ¶ 9.

Mazur filed this action on May 26, 2020, alleging the following: (1) ADA discrimination; (2) retaliation under the ADA and Title VII; and (3) deprivation of due process under 42 U.S.C. § 1983. Dkt. 1. Mazur's ADA claim is based on being "perceived as disabled": Mazur alleges Defendant Sticht stated in an email he "question[ed]" Mazur's mental health and said that Mazur did not "have a calm voice." *Id.* at 3-4 ¶¶ 16-23. As for the retaliation claim, Mazur alleges his prior discrimination charge with the New York State Division of Human Rights—and his other pending federal court case—caused him to be suspended and that his termination is being sought by Defendants. *Id.* at 4-5 ¶¶ 26-36. As for the Section 1983 claim, Mazur alleges he has a property interest in his job but was denied a pre-deprivation hearing prior to his suspension. *Id.* at 5-6 ¶¶ 39-50.

Defendants filed a partial motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). Dkt. 8. Defendants sought dismissal of all the

claims in the Complaint except for the retaliation claim against DOCCS under Title VII. Dkt. 8-1, at 1.

On January 20, 2021, Judge McCarthy issued an R&R recommending the motion to dismiss be granted in part and denied in part. Dkt. 13. Specifically, Judge McCarthy recommended dismissal of the ADA discrimination and retaliation claims without prejudice; dismissal of the ADA and Title VII claims as against the individual defendants with prejudice; and dismissal of the Section 1983 claims as against Defendant DOCCS and the individual defendants in their official capacities with prejudice. *Id.* at 9, 14. Judge McCarthy recommended that the motion to dismiss be denied in all other respects. *Id.*

Mazur filed objections to the R&R on February 3, 2021. Dkt. 14. Defendants responded on February 22, 2021. Dkt. 18. Mazur did not reply.

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the objections and responses, and the relevant record in this case. Based on that *de novo* review, the Court accepts Judge McCarthy's recommendations to grant the motion to dismiss in part and deny

it in part.[1] In the event Mazur does not file an amended complaint, the only remaining claims are his Title VII retaliation claim against DOCCS and his Section 1983 claims against the individual Defendants in their personal capacities.

---

[1] Since Defendants filed their motion to dismiss, the Second Circuit has clarified the standard for personal involvement of supervisory officials in a Section 1983 action. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) ("[T]here is no special rule for supervisory liability. Instead, a plaintiff must plead and prove that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))). To the extent this case involves relevant supervisory officials, Judge McCarthy's discussion and analysis of the individual Defendants' personal involvement in the alleged constitutional deprivation are consistent with this clarified standard. Dkt. 13, at 12-14.

## CONCLUSION

For the reasons stated above and in the R&R, Defendants' motion to dismiss (Dkt. 8) is GRANTED in part, as follows: Mazur's ADA discrimination claim is dismissed for failure to state a claim, without prejudice; Mazur's ADA retaliation claim is dismissed for failure to state a claim, without prejudice; Mazur's ADA and Title VII claims are dismissed as against the individual defendants, with prejudice; and Mazur's Section 1983 claim is dismissed as against DOCCS and the individual Defendants in their official capacities, with prejudice.  The motion to dismiss (Dkt. 8) is otherwise DENIED.

The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of July 27, 2020, Dkt. 9.

SO ORDERED.

Dated:    March 23, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE